[Civ. No. 13824. First Dist., Div. Two. May 20, 1948.]

THE COUNTY OF CONTRA COSTA et al., Petitioners, v. W. T. PAASCH, as County Clerk, etc., Respondent.

Francis W. Collins, District Attorney, and Charles L. Hemmings, Deputy District Attorney, for Petitioners.

Orrick, Dahlquist, Neff, Brown & Herrington and Wm. H. Orrick, Jr., for Respondent.

DOOLING, J.—This is a proceeding in mandamus to compel respondent to sign certain Richmond Union High School District bonds in the principal sum of $3,980,000.

At an election held in the district on February 10, 1948, for the purpose of submitting the question of the authorization of these bonds to the voters the vote was 12,050 in favor of the issuance of the bonds and 1,613 against their issuance.

The only asserted irregularity in the conduct of this election, and because of which respondent has refused to sign the bonds, is a claimed lack of compliance with section 7402 of the Education Code which requires the publication of a notice of such election in a newspaper of general circulation published in the county in which the district is situated

"at least once in each calendar week for three successive calendar weeks prior to the election." The publications of the notice in this case were in the "Richmond Daily Independent," concededly a newspaper of general circulation published in Contra Costa County in which the affected district is situated. They were made on January 26, February 2 and February 9, 1948. Since February 9 fell in the same calendar week as the date on which the election was held the publication was probably not a literal compliance with the requirement that it be "for three successive calendar weeks *prior to* the election." (See *County of Sonoma* v. *Sanborn*, 1 Cal.App.2d 26 [36 P.2d 419].) We need not decide that question in this case for the reason that at its 1948 session the Legislature enacted Senate Bill No. 4 which, in the manner customary in such acts, purports to validate proceedings theretofore taken by any public body under color of any law for the authorization of any public bonds. (§ 5.) This bill was signed by the governor on April 29, 1948, and as an emergency measure immediately became effective. Section 8(a) of this act contains the following language:

"This act shall be limited to the correction of defects, irregularities, omissions, and ministerial errors in carrying out statutory provisions which the Legislature originally could have omitted from the law under which such acts or proceedings were taken, provided that this act shall also operate to supply such legislative authorization as may be necessary to validate any such proceedings heretofore taken which the Legislature could have supplied or provided for in the law under which such acts or proceedings were taken."

By the quoted proviso it will be seen that the Legislature has expressly undertaken to supply, insofar as lies in its power, retroactive authorization for any proceedings "which it could have supplied or provided for in the law under which such acts or proceedings were taken."

This court as recently as September 1946, in *City of Pacific Grove* v. *Irwin*, 76 Cal.App.2d 46 [172 P.2d 357], had occasion to examine the limits within which procedure not strictly in compliance with the statutory requirements for holding elections for the authorization of the issuance of public bonds could be subsequently validated by the Legislature. The conclusion which we there stated at page 49 applies equally to this case:

"It is beyond argument that the Legislature could have satisfied this constitutional requirement [that of Cal. Const., art. XI, § 18] by providing in advance for the precise procedure followed by the city council in calling this particular election, and under the rule last above quoted it may with equal force ratify it after it has been taken."

A statute providing in advance for the published notice of the election which was actually given would have satisfied all constitutional requirements. That being so it was well within the legislative power to validate it afterwards.

It is conceded that the proceedings looking to the issuance of these bonds was in all other respects regular and, the single claimed deviation from the statute having since been effectively validated, it is ordered that a peremptory writ of mandate issue as prayed.

Goodell, Acting P. J., and Griffin, J. pro tem., concurred.